# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| EXTRADITION OF ) | No. 17 CR 664 |
| RODOLFO DEIBY BURGOS ) | |
| NOELLER, ) | Magistrate Judge Jeffrey Cole |
| ) | |

## MEMORANDUM OPINION AND ORDER

The government successfully sought the issuance of a Complaint for the Provisional Arrest of Rodolfo Deiby Burgos Noeller (the Defendant) in Furtherance of Extradition pursuant to 18 U.S.C. §3184. [Dkt. #1]. The request was based on the Federal District Court in Mexico City having issued a warrant for the Defendant's arrest on June 18, 2015, charging him with the murder of Rosa Elena Jacobo Carrillo, the woman with whom the defendant had an affair in Mexico, and who, bore him two children. Following the denial of bond, *Matter of Extradition of Noeller*, 2017 WL 6462358, at *1 (N.D.Ill. 2017)[Dkt. #41], a hearing was held. The parties had made extensive written submissions, and Mr. Noeller was permitted, over the government's objection, to make extended offers of proof through the defendant and his purported "expert." This, of course, did not mean that I was deciding the truthfulness of the information that was advanced by the parties, who obviously had very different views of the defendant's culpability – a matter beyond the authority of a judge in an extradition hearing in the federal court to decide. Not only did every extradition case forbid my deciding whether the information offered by the defendant was true, but "[o]ffers of proof are but the shadow of testimony." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

My Opinion finding that extradition in this case was appropriate – subject, of course, to the State Department's ultimate decision – was issued on February 23, 2018 – a few days before I was

scheduled to be out of the Country with my wife. *See Matter of Extradition of Noeller*, 2018 WL 1027513 (N.D. Ill. 2018)[Dkt. #43].[1]

Neither before the extradition hearing nor in the interim between the date of the hearing's conclusion and the issuance of my Memorandum Opinion did the Department of State (acting through the local U.S. Attorneys office here) submit written Findings of Fact and Conclusions of Law – nor did it hint that it would do so. It has now done so, as apparently directed by the Department of State. Oddly, no "motion" was filed seeking permission to file Findings of Fact and Conclusions of Law. There was merely a document that appeared from the government in my Proposed Order Minute Box; it was captioned Order, Certification and Committal for Extradition. The document was two pages long and consisted of nine paragraphs, a "Therefore" clause, and an instruction to the Clerk of the Court to forward certain specified documents to the Secretary of State.[2] The defendant filed a two-and-a-half page objection. [Dkt. #44]. Although no supporting cases are cited, the argument is that my Opinion does not find in certain particulars what the government informally has now asked me to state in the "Proposed Findings of Fact and Conclusions of Law."

Thereafter, on March 7, 2018, the defendant filed for a Writ of *Habeas Corpus* seeking review of a Magistrate's Order Certifying Extradition and Committal to Custody. [Dkt. ##44, 45]. And so, a question arises as to my jurisdiction to do now what the government has informally asked that I do while I was out of the country. In any event, I am not inclined to grant the government's

---

[1] I did not come back to the United States until the afternoon of March 8, 2018, returning to work on March 9.

[2] That document is attached as Exhibit A to the Defendant's Objections to my granting what the Defendant has labeled as the "Government's Untimely and Informal Request for the Entry of a New Order Certifying Extradition...." [Dkt. #44].

recent informal request – and not because I think the defense objections are valid. Quite the contrary. "Justice is not a game, and zealous advocacy" has its limits. *United States v. Paglia,* 190 F.2d 445, 448 (2d Cir.1951)(L.Hand, J.).

For example, the defendant states that my Opinion did not "squarely address" whether there is sufficient evidence filed by Mexico to justify defendant's committal for trial, on felony charges, had the offense of which he is accused of occurred in the United States." [Dkt. #44 at 2]. The defendant goes so far as to claim that one cannot tell from the Opinion whether a finding that probable cause exists "despite [what the defendant's lawyer partisanly concludes is] the unreliability of the evidence on its face." [Dkt. #44 at 2]. The argument is, to use the Seventh Circuit's description in another case, "preposterous." *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 783 (7th Cir. 2004). Indeed, if one accepts the truthfulness of the Mexican government's evidence, as every case requires that we do, "only literary perversity or jaundiced partisanship could suggest" that probable cause does not exist that the defendant is guilty of murder – whether in Mexico or in the United States. Indeed, no civilized country in the world does not punish murder and all make it a heinous crime. No one reading the Opinion could come to any other conclusion. [Dkt. #44 at 2, citing *In the Matter of the Extradition of Burgos Noeller*, 218 WL 1027513 at *5]. Taking words out of context and then distorting them in the vain hope that they can be made to look as though they are supportive of a position could not be a more unpersuasive tactic.[3]

---

[3] Statements in judicial opinions must be read in context, not surgically excised from their broader setting. *See United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010)(*en banc*); *Wisehart v. Davis,* 408 F.3d 321, 326 (7th Cir.2005). "[M]eaning in law depends upon an understanding of purpose. Law's words, however technical they may sound, are not magic formulas; they must be read in light of their purposes, if we are to avoid essentially arbitrary applications and harmful results." *Behrens v. Pelletier,* 516 U.S. 299, 324 (1996) (Breyer, J., dissenting).

No fair reading of the Opinion could leave anyone perplexed or uncertain as to whether the evidence submitted by the government of Mexico, taken as true – and the cases do not allow a judge to dispute the veracity of the evidence – there is a particle of doubt that the defendant committed the brutal murder of the mother of his two children in the presence of witnesses who swore the defendant was the killer. *See* 18 U.S.C. §3184 (if the extraditing magistrate "deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same . . . ."). The decision of every court in the United States in every extradition case since the beginning of the Republic holds that a judge in an extradition hearing cannot decide the truth or falsity of the evidence, as could be done in a trial, and that a defendant cannot contest truth or raise an alibi defense – as Burgos Noeller tried to do in this case. Ordinarily, that should suffice. Findings of fact and conclusions of law "may be contained in an opinion or memorandum of decision." *Woods Construction Co. v. Pool Construction Co.*, 314 F.2d 405, 407 (10th Cir. 1963), and the "logic of words should yield to the logic of realities." *DiSanto v. Pennsylvania*, 273 U.S. 34, 43 (1927). *See also Schmidt v. Ottawa Medical Center,* 322 F.3d 461, 464 (7th Cir. 2003); *Mueller Co. v. FTC*, 323 F.2d 44, 49 (7th Cir. 1963). Extradition proceedings are not and should not be an exception to the wise counsel that "[s]ubstance trumps form." *American Bank v. City of Menasha*, 627 F.3d 261, 267 (7th Cir. 2010). *Compare, Welch v. Mandeville*, 14 U.S. (1 Wheat) 233, 236 (1816)(Story, J.)("It would be strange, indeed, if parties could be allowed, under the protection of its forms, to defeat the whole objects and purpose of the law itself."); *Electric Bond and Security Company v. SEC*, 303 U.S. 419, 440 (1938)("It is the substance of what they do, and not the form in which they clothe their transactions, which must afford the test.").

But, in an extradition case like this, form is important, and the court must enter a certification order in a particular form. In the future, the Department of State, acting through the United States Attorney, should inform the court of requirements and procedures with greater dispatch than was exhibited here. After all, judges depend upon input from lawyers. *See, e.g., United States v. Cronic*, 466 U.S. 648, 655 (1984); *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613–614 (7th Cir.2006); *United States v. Elliott*, 467 F.3d 688, 690 (7th Cir.2006). *See also* Holmes, The Law, in Collected Speeches 16 (1931) ("Shall I ask what a court would be, unaided? The law is made by the Bar, even more than by the Bench.").

The informal request for the entry of the certification order that is required by law is granted, even though the Findings of Fact and Conclusions of Law contained therein are also in the recently issued Opinion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/9/18