IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF THE        )
EXTRADITION OF              )    No. 17 CR 664
RODOLFO DEIBY BURGOS        )
NOELLER,                    )    Magistrate Judge Jeffrey Cole
                            )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The history of this foreign extradition case will be found in *Matter of Extradition of Rodolfo Deiby Burgos Noeller*, 2017 WL 6462358 (N.D. Ill. Dec. 19, 2017); *Matter of Extradition of Rodolfo Deiby Burgos Noeller*, 2018 WL 1027513 (N.D. Ill. Feb. 23, 2018); *and Matter of Extradition of Rodolfo Deiby Burgos Noeller*, 2018 WL 1225486 (N.D. Ill. March 9, 2018)(the latter Opinion reissued today and referred to below). Familiarity with that history will be presumed.

The extensive extradition hearing in this case, at which the defendant insisted on testifying, was completed on January 12, 2018. On February 23, 2018, my Opinion granting the government's request for extradition to Mexico was entered. [Dkt. #43].[1] Between February 26 and March 8, I was out of the country on vacation with my wife. On March 2, 2018, the government sent an email to the Proposed Order Minute Box stating that "in order to effectuate the extradition" the Secretary of State "require[d]" an "Order, Certification And Committal consistent with the substance of the court's February 23, 2018 order...." (*See* Group Exh. 1). The proposed order had not been submitted to me until more than a week after the Opinion of February 23, and more than seven weeks after the

---

[1] 18 U.S.C. §3184 provides that a magistrate judge hear and consider evidence and that if he or she "deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, or under Section 3181(b) he shall certify the same...." The statute does not prescribe a form the certification must take.

extradition hearing had been completed. Nor had the defendant submitted anything either at the time the extradition hearing ended or in the ensuing seven weeks. The belated request of the Secretary of State seemed to me to be an example of the "clunky" methods too often appearing in extradition disputes. *DeSilva v. DiLeonardi*, 181 F.3d 865, 869–70 (7th Cir. 1999).[2]

Between February 26 and March 8, I was out of the country on vacation with my wife.

On March 5, 2018, while I was out of the Country, the defendant filed his objections to the Secretary's request that the supposedly "required" form be entered. [Dkt. #44]. Then, two days later, on March 7, while the defendant's objections to entry of the government's form order were pending before me, the defendant filed a petition for writ of *habeas corpus* in the district court to review the decision granting the government's request for extradition. [Dkt. #45]. On March 9, necessarily concluding that the defendant's filing of the writ did not divest me of jurisdiction, I entered the form that had been requested by the Secretary of State, accompanied by an Opinion. [Dkt. ##48, 49].[3] The next day, the defendant filed a two-and-a-half page motion before Judge Pallmeyer claiming that she had "sole" jurisdiction over the matter as a consequence of the filing of the filing of the petition for writ of *habeas corpus* on March 7. [Dkt. #45]. The motion was captioned "Motion To Strike

---

[2] The Opinion of March 9 said:

> In the future, the Department of State, acting through the United States Attorney, should inform the court of requirements and procedures with greater dispatch than was exhibited here. After all, judges depend upon input from lawyers. *See, e.g., United States v. Cronic*, 466 U.S. 648, 655 (1984); *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613–614 (7th Cir.2006); *United States v. Elliott*, 467 F.3d 688, 690 (7th Cir.2006). *See also* Holmes, The Law, in Collected Speeches 16 (1931) ("Shall I ask what a court would be, unaided? The law is made by the Bar, even more than by the Bench.").

[3] While the Opinion noted that a "question" arose regarding jurisdiction as a consequence of the defendant's filing for a writ of habeas corpus, a question is not an answer, and the ultimate issuance of the form submitted by the government was a tacit holding that I believed I still had jurisdiction and that the filing of the writ of *habeas corpus* while matters were pending before me had not deprived me of jurisdiction.

2

Supplemental Extradition Order And Government's Additional Filing For Lack of Jurisdiction." [Dkt. #50].

On March 13, Judge Pallmeyer entered an order stating that she "deem[ed] it appropriate to remand proceedings" to this court. The order concluded: "the case is hereby REMANDED." (Capitalization in original). [Dkt. #53].

Pursuant to that remand, I held a status conference on March 20 to solicit the views of the parties. It was agreed that a reissuance of the March 9 orders would cure the *jurisdictional* problem voiced by the defendant. Nonetheless, a brief review of what has transpired is appropriate.

## RELEVANT FACTS

### A.

Although I was scheduled to leave the country for a trip with my wife on February 25, I did not want the parties and their counsel to have to await my return in order to have a decision in this extradition case. Thus, I issued the Opinion of February 23 before I left. [Dkt. #43]. While I was away with my wife it was brought to my attention by my courtroom deputy that on March 2, 2018, the government, in my absence, had sent to the Proposed Order Minute Box an email asking that I enter a proposed Order that the government said was "consistent with the substance of the Court's February 23, 2018 order...." The email explained that the Secretary of State "requires" that a court's conclusion that extradition should proceed in a given case must be in a certain form. Thus, the Secretary required an Order, Certification and Committal for Extradition in the "form" of a Proposed Order that was nine paragraphs long. The defendant's lawyer was copied on the email and provided with a copy of the form said to be required by the Secretary. (A copy of this email and those that followed are attached as Group Exhibit 1).

3

Since 18 U.S.C. §3184 ("Fugitives from foreign countries to United States") did not prescribe a particular form that had to be followed, it seemed to me that at bottom the Secretary's insistence on a particular format unnecessarily exalted "form over substance"– a principle that applies in extradition cases. *Matter of Extradition of Rodolfo Deiby Burgos Noeller*, 2018 WL 1225486, at *2 (N.D. Ill. 2018); *In re Extradition of Aquino*, 697 F. Supp. 2d 586, 590 (D.N.J. 2010); *Extradition of Ernst*, 1998 WL 167324, at *3 (S.D.N.Y. 1998); *Matter of Extradition of Matus*, 784 F. Supp. 1052, 1057 (S.D.N.Y. 1992). Law concerns itself with substance, not form – with actual operative effects, not abstract theoretical functioning. *Blueford v. Arkansas*, 566 U.S. 599, 611-612 (2012). This is a principle endorsed in any number of contexts, both civil and criminal. *See e.g.*, *United States v. Peden*, 872 F.2d 1303, 1309 (7th Cir. 1989); *Frank Lyon v. United States*, 435 U.S. 561, 573 (1978); *Reliance Ins. Co. v. Zeigler*, 938 F.2d 781, 785 (7th Cir. 1991)("needless elevation of form over substance").[4] And it is one that Judge Pallmeyer has often espoused. *See e.g.*, *Brown v. Ghosh*, 2017 WL 1178151, at *3 (N.D. Ill. 2017)("Brown's position would value form over substance, and the court will not do so."); *Winterstein v. CrossCheck, Inc.*, 149 F. Supp. 2d 466, 470 (N.D. Ill. 2001)("the court believes this is an effort to exalt form over substance");*Quadro Enterprises, Inc. v. Avery Dennison Corp.*, 2000 WL 1029176, at *6 (N.D. Ill. 2000). "Failure to apply that principle... greatly increase[s] the burden on the federal courts."*United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010).

In any event, an hour later, the defendant's lawyer sent to my Proposed Order Minute Box an email stating that while she conceded that the Proposed Order's certification of extradition was

---

[4]*See also Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 557 (7th Cir. 1991); *Leach v. Kolb*, 911 F.2d 1249, 1257 (7th Cir. 1990); *United States v. Bucey*, 876 F.2d 1297, 1301, 1302, n.7 (7th Cir. 1989).

consistent with my Opinion, she contended that the Secretary's nine-paragraph order "contain[ed] very specific findings of fact not all of which were addressed by the February 23 order and memorandum." She said she objected to entry of the Secretary's proposed order "without the *reissuance of the memorandum which incorporates and discusses each of these findings of fact.*" *See* Group Exh. 1 (Emphasis supplied). How the two varied, the defendant's lawyer did not say.

On March 5, my courtroom deputy was instructed to tell the defendant's lawyer that any objection to the government's request should be filed, which she did. The defendant's two-and-a-half page filing was titled "Objections To The Government's Untimely And Informal Request For The Entry Of A New Order Certifying Extradition, Which Contains Additional Findings Of Fact Not Addressed In The Filed Order And Memorandum." [Dkt. #44]. The defendant's filing concluded with the request that "this Court should Deny the Government's untimely and informal request for the entry of a new order." [Dkt. #44].

The filing also claimed that the government's request was "problematic" since "[w]hen the defendant seeks review of [my] new order... there will be no reasoning supporting each of the claimed additional findings of fact rendering appellate review impossible." But that was a *non-sequitur*. The ultimate findings, regardless of how expressed, would either be borne out by the *evidence* at the extradition hearing or they would not. The form the conclusions took would not be decisive. As the Seventh Circuit has stressed evidence, not arguments or conclusions, are what counts. *See, e.g., Madlock v. WEC Energy Group, Inc.*, _F.3d_, 2018 WL 1312260, *6 (7th Cir. 2018); *Long v. Pfister*, 874 F.3d 544, 555 (7th Cir. 2017); *Sottoriva v. Claps*, 617 F.3d 971, 976 (7th Cir. 2010); *W. States Ins. Co. v. Wisconsin Wholesale Tire, Inc.*, 148 F.3d 756, 758 (7th Cir. 1998).

5

On March 7, 2018, while the defendant's Objections were pending in this court, the defendant sought review by a district judge of my extradition Opinion of February 23. [Dkt. #45 at 3]. It was captioned, "Petition For Writ Of *Habeas Corpus* Seeking Review Of A Magistrate's Order Certifying Extradition And Committal To Custody." [Dkt. #45]. In this District, as elsewhere, it is the role of the magistrate judge rather than the district court judge to "conduct all necessary hearings" under an extradition treaty. See *Collins v. Miller*, 252 U.S. 364, 369 (1920). A decision of the magistrate judge is not subject to direct appeal. *Collins v. Miller*, 252 U.S. 364, 369 (1920); *Eain v. Wilkes*, 641 F.2d 504, 508 (7th Cir.1981), *cert. denied*, 454 U.S. 894 (1981). A *habeas corpus* petition is the vehicle that must be employed to contest a magistrate judge's decision on foreign extradition. *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2nd Cir.1973); *Esposito v. Adams*, 700 F.Supp. 1482, 1483 (N.D.Ill. 1988)(Rovner, J.).

The scope of *habeas corpus* review in extradition cases is a limited one, according due deference to the magistrate's initial determination. *Eain*, 641 F.2d at 508. Such review encompasses only the questions of "whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any [competent] evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Id.* at 509, quoting *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925). Findings of fact are reviewed under a clearly erroneous standard; questions of law are reviewed *de novo*. *Castro Bobadilla v. Reno*, 826 F.Supp. 1428, 1431 (S.D.Fla. 1993).[5]

---

[5] There are no rights of direct appeal under 18 U.S.C. §3184. Review is by a *habeas* petition. *See DeSilva v. DiLeonardi*, 181 F.3d 865, 870 (7th Cir. 1999); 28 U.S.C. § 2241 and the extended discussion in *Castro Bobadilla*, 826 F.Supp. at 1431 and *Esposito*, 700 F.Supp. at 1483.

While one can question the timing of the filing of the *habeas* petition given the fact that the defendant's objections were pending before this court, counsel for the defendant was placed in an uncertain position. While jurisdiction under the three bases alleged in the defendant's brief in support of the motion before Judge Pallmeyer for review of my Opinion February 23rd [Dkt. #45] do not contain a limitations period, Local Criminal Rule 50.4 – which provides for review of foreign extradition decisions by way of a *habeas* petition – requires that the petition be filed "as soon as *practicable*" following the entry of the order sought to be reviewed. (Emphasis supplied). But the term "practicable," at least as defined by Webster's Dictionary, left the defendant's counsel in somewhat of a bind. Webster's unhelpfully defines the term as "feasible," that is, "possible to practice or perform" or "capable of being put into practice, done, or accomplished." Webster's Third New International Dictionary 1780 (1961). Given the malleability of the definition, if counsel did not act as she did, before I ruled on her pending objections, she arguably ran a risk that the government *might* later argue that the *habeas* petition was untimely. If she filed the writ while matters were still pending here, she ran the risk of being accused of forum shopping and having filed the writ prematurely.[6] She understandably chose to file the writ rather than risk that review of the extradition decision might be foreclosed.[7]

---

[6] In contexts involving notices of appeal it has been held that a notice of appeal filed while matters are pending in the district court is premature. *United States v. Davis*, 924 F.2d 501, 504 (3rd Cir.1991); *Richardson v. United States*, 336 F.2d 265 (9th Cir. 1964); *Haldane v. Chagno*, 345 F.2d 601, 602 (9th Cir.1965). In such cases the notice is extended until after the disposition of the matters pending in the district court. *Chabot v. National Securities Research Corporation*, 290 F.2d 657 (2nd Cir.1961); *Patterson v. Pancake*, 2007 WL 3124685, at *1 (W.D. Ky.2007)("[b]ecause Petitioner's 11.42 motion is pending, federal habeas review is premature."); *Limitation Proceedings of Director General of Railroads*, 1925 WL 63105 (S.D.N.Y.1925). These principles should obtain in cases involving review by way of a *habeas corpus* filing.

[7] In any event, Judge Pallmeyer's Order said the writ was "properly" filed. She did not elaborate.

I returned to the United States on Thursday, March 8, 2018. The next afternoon I issued a Memorandum Opinion and Order that explained why the materials required by the Secretary of State were being entered. [*See* Dkt. ##47, 48, 49]. It concluded that the two-page proposed Order could be entered and that it was not different in substance from what was contained in the Opinion of February 23, 2018. On March 10, 2018 at 8:45 p.m., the defendant's lawyer filed with Judge Pallmeyer a three-page document captioned, "Petitioner's Motion To Strike Magistrate Judge's Supplemental Extradition Order And Government's Additional Filing For lack Of Jurisdiction. [Dkt. #50]. The Motion to Strike my Opinion of March 9th contended that the filing of the "Petition For Writ of *Habeas Corpus* Seeking Review Of A Magistrate's Order Certifying Extradition And Committal To Custody, on March 7th, [Dkt. #45], resulted in the loss of jurisdiction in this court and that from that point on what the motion called "sole" jurisdiction lay with Judge Pallmeyer. [Dkt. #50 at 2]. But, even in instances involving appeals from a district court to a court of appeals, where the filing of a notice of appeal deprives the district court of jurisdiction over the issues presented on appeal, *Blue Cross & Blue Shield Assn. v. American Express Co.*, 467 F.3d 634-637 (7th Cir. 2006), the district court retains jurisdiction to take actions in furtherance of the appeal and over matters collateral to those issues on appeal, including the authority to grant a Rule 60(b) motion. And, in appropriate circumstances, the Court of Appeals has authority to remand the case to the district court without reversal. *Sutter v. United States*, 703 F.Appx. 774, 776-77 (11th Cir. 2017); *Alpern v. Lieb*, 38 F.3d 933, 936 (7th Cir. 1984); *Fleming v. FCC*, 225 F.2d 523, 526 (D.C. Cir. 1955). After all, the purpose of judicial review *of any kind* is to secure a just result with a minimum of technical requirements. *Fleming, supra.*, 225 F.2d at 526.

**B.**

On March 13, "in light of the jurisdictional challenge" to my March 9 Opinion, Judge Pallmeyer "deem[ed] it appropriate" to remand "the case" here. [Dkt. #53]. On March 20, I had the parties in to discuss their views of Judge Pallmeyer's Order. I assured counsel for both sides that I was not reopening the case for the taking of further evidence and that what was presented at the extradition hearing was either sufficient to warrant extradition or it was not. I said that I thought Judge Pallymeyer's remand of the case allowed me to reissue disputed orders. Counsel for the parties agreed that the jurisdictional controversy could be resolved by the reissuance of the March 9 Order. [Dkt. ##48, 49]. Accordingly, I will reissue that Order today, along with the March 9th Opinion. Either extradition is supported by the evidence at the hearing or it is not. Adherence to a particular format apparently not required by statute will not defeat an otherwise appropriately supported extradition.

## CONCLUSION

The Order, Certification And Committal For Extradition of March 9, 2018 is reissued with today's date, as is the Opinion of March 9, 2018. Each will also have a new docket number.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/21/18

# GROUP EXHIBIT 1

From: "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To: "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc: Carla Espinoza <cespinoza@cialo.us>
Date: 03/02/2018 01:51 PM
Subject: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.

Eric S. Pruitt
Assistant United States Attorney
( 312.353.5496
* eric.pruitt@usdoj.gov


[attachment "Certification and Committal for Extradition.docx" deleted by Jan Smith/ILND/07/USCOURTS]



**RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)**

Carla Espinoza to: Pruitt, Eric (USAILN), Proposed_Order_Cole@ilnd.uscourts.gov    03/02/2018 02:58 PM

| | |
|---|---|
| From: | Carla Espinoza <cespinoza@cialo.us> |
| To: | "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>, "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov> |
| History: | This message has been forwarded. |

Judge Cole,

While the Defendant realizes the attached proposed order certifies extradition which is consistent with the Court's order entered on February 23, 2018, this proposed order contains very specific findings of fact not all of which were addressed by the February 23rd order and memorandum. The Defendant objects to this order being entered without the reissuance of the memorandum which incorporates and discusses each of these findings of fact.

Best regards,

**From:** Pruitt, Eric (USAILN) [mailto:Eric.Pruitt@usdoj.gov]
**Sent:** Friday, March 02, 2018 1:52 PM
**To:** Proposed_Order_Cole@ilnd.uscourts.gov
**Cc:** Carla Espinoza
**Subject:** United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.

Eric S. Pruitt
Assistant United States Attorney
☎ 312.353.5496
✉ eric.pruitt@usdoj.gov



### Re: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)
Proposed Order Cole    to: Pruitt, Eric (USAILN)                  03/05/2018 03:46 PM
Sent by: Jan Smith

From:   Proposed Order Cole/ILND/07/USCOURTS
To:     "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>

Eric,

Check paragraph 3...... I think the November date is either wrong or you were referencing something else during editing.

Please advise.
Thanks
js

| "Pruitt, Eric (USAILN)" | Judge Cole, | On February 23, 2018... | 03/02/2018 01:51:53 PM |

From:    "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To:      "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc:      Carla Espinoza <cespinoza@cialo.us>
Date:    03/02/2018 01:51 PM
Subject: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.

Eric S. Pruitt
Assistant United States Attorney
☎ 312.353.5496
✉ eric.pruitt@usdoj.gov

[attachment "Certification and Committal for Extradition.docx" deleted by Jan Smith/ILND/07/USCOURTS]



**Re: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)**
Proposed Order Cole    to: Pruitt, Eric (USAILN)                                  03/05/2018 03:49 PM
Sent by: Jan Smith
Cc:        Jeffrey Pakula

| | |
|---|---|
| From: | Proposed Order Cole/ILND/07/USCOURTS |
| To: | "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov> |
| Cc: | Jeffrey Pakula/ILND/07/USCOURTS@USCOURTS |

Hello,

See signature line ... Judge Cole is in the Northern District of Illinois.... not New York.

Also,

Paragraph 9 ... says that the offense was committed in the US.....

Please advise
Thanks
js

---

"Pruitt, Eric (USAILN)"    Judge Cole,        On February 23, 2018...        03/02/2018 01:51:53 PM

| | |
|---|---|
| From: | "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov> |
| To: | "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov> |
| Cc: | Carla Espinoza <cespinoza@cialo.us> |
| Date: | 03/02/2018 01:51 PM |
| Subject: | United States v. Rodolfo Deiby Burgos Noller (17 CR 664) |

Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.

Eric S. Pruitt
Assistant United States Attorney
☎ 312.353.5496
✉ eric.pruitt@usdoj.gov


[attachment "Certification and Committal for Extradition.docx" deleted by Jan Smith/ILND/07/USCOURTS]



**RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)**

Pruitt, Eric (USAILN)  to: Proposed_Order_Cole@ilnd.uscourts.gov    03/05/2018 03:56 PM
Cc: "Jeffrey_Pakula@ilnd.uscourts.gov"

From: "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To: "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc: "Jeffrey_Pakula@ilnd.uscourts.gov" <Jeffrey_Pakula@ilnd.uscourts.gov>
History: This message has been replied to.

I have corrected paragraph 3 and the signature block. Paragraph 9 is correct from the government's perspective. It does not say that the crime was committed in the US, but that the evidence would be sufficient had the figitive committed it in the US. This goes to the "dual criminality" requirement under the statute, which I can explain to the court if necessary.

Thanks.

Eric

**From:** Jan_Smith@ilnd.uscourts.gov [mailto:Jan_Smith@ilnd.uscourts.gov] **On Behalf Of** Proposed_Order_Cole@ilnd.uscourts.gov
**Sent:** Monday, March 05, 2018 3:50 PM
**To:** Pruitt, Eric (USAILN) <EPruitt@usa.doj.gov>
**Cc:** Jeffrey_Pakula@ilnd.uscourts.gov
**Subject:** Re: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Hello,

See signature line ... Judge Cole is in the Northern District of Illinois.... not New York.

Also,

Paragraph 9 ... says that the offense was committed in the US.....

Please advise
Thanks
js



**RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)**
Proposed Order Cole   to: Pruitt, Eric (USAILN)                          03/05/2018 04:10 PM
Sent by: Jan Smith

From:   Proposed Order Cole/ILND/07/USCOURTS
To:     "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>

Thanks for responding so quickly.   I missed the *had* ... thanks for catching me.

Fyi... opposing counsel has been advised that if she objects to the proposed order - she should file those objections.  She responded that she will file something.

Judge Cole will be back in the office this Friday and will be reviewing everything.  Please advise if you need the order before he gets back.  I will forward your last email with the corrected order to him now.

Please advise if you need anything.
Thanks
js

---

"Pruitt, Eric (USAILN)"     I have corrected paragraph 3 and the signat...        03/05/2018 03:56:24 PM

From:     "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To:       "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc:       "Jeffrey_Pakula@ilnd.uscourts.gov" <Jeffrey_Pakula@ilnd.uscourts.gov>
Date:     03/05/2018 03:56 PM
Subject:  RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

I have corrected paragraph 3 and the signature block.   Paragraph 9 is correct from the government's perspective.  It does not say that the crime was committed in the US, but that the evidence would be sufficient had the figitive committed it in the US. This goes to the "dual criminality" requirement under the statute, which I can explain to the court if necessary.

Thanks.

Eric

**From:** Jan_Smith@ilnd.uscourts.gov [mailto:Jan_Smith@ilnd.uscourts.gov] **On Behalf Of**
Proposed_Order_Cole@ilnd.uscourts.gov
**Sent:** Monday, March 05, 2018 3:50 PM
**To:** Pruitt, Eric (USAILN) <EPruitt@usa.doj.gov>
**Cc:** Jeffrey_Pakula@ilnd.uscourts.gov
**Subject:** Re: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Hello,

See signature line ... Judge Cole is in the Northern District of Illinois.... not New York.

Also,

Paragraph 9 ... says that the offense was committed in the US.....

Please advise
Thanks
js



From: "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To: "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc: Carla Espinoza <cespinoza@cialo.us>
Date: 03/02/2018 01:51 PM
Subject: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)


Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.


Eric S. Pruitt
Assistant United States Attorney
☎ 312.353.5496
✉ eric.pruitt@usdoj.gov



[attachment "Certification and Committal for Extradition.docx" deleted by Jan Smith/ILND/07/USCOURTS]



**RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)**
Proposed Order Cole   to: Pruitt, Eric (USAILN)                    03/05/2018 04:18 PM
Sent by: Jan Smith

From:     Proposed Order Cole/ILND/07/USCOURTS
To:       "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>

my pleasure..... I've forwarded the corrected order to Judge Cole.

"Pruitt, Eric (USAILN)"    Thank you so much for your attention to this...    03/05/2018 04:16:04 PM

From:     "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To:       "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Date:     03/05/2018 04:16 PM
Subject:  RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Thank you so much for your attention to this.

From: Jan_Smith@ilnd.uscourts.gov [mailto:Jan_Smith@ilnd.uscourts.gov] **On Behalf Of**
Proposed_Order_Cole@ilnd.uscourts.gov
Sent: Monday, March 05, 2018 4:11 PM
To: Pruitt, Eric (USAILN) <EPruitt@usa.doj.gov>
Subject: RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Thanks for responding so quickly.   I missed the *had* ... thanks for catching me.

Fyi... opposing counsel has been advised that if she objects to the proposed order - she should file those objections.  She responded that she will file something.

Judge Cole will be back in the office this Friday and will be reviewing everything.  Please advise if you need the order before he gets back.  I will forward your last email with the corrected order to him now.

Please advise if you need anything.
Thanks
js


From:     "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To:       "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc:       "Jeffrey_Pakula@ilnd.uscourts.gov" <Jeffrey_Pakula@ilnd.uscourts.gov>
Date:     03/05/2018 03:56 PM
Subject:  RE: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

I have corrected paragraph 3 and the signature block. Paragraph 9 is correct from the government's perspective. It does not say that the crime was committed in the US, but that the evidence would be sufficient had the fugitive committed it in the US. This goes to the "dual criminality" requirement under the statute, which I can explain to the court if necessary.

Thanks.

Eric

**From:** Jan_Smith@ilnd.uscourts.gov [mailto:Jan_Smith@ilnd.uscourts.gov] **On Behalf Of** Proposed_Order_Cole@ilnd.uscourts.gov
**Sent:** Monday, March 05, 2018 3:50 PM
**To:** Pruitt, Eric (USAILN) <EPruitt@usa.doj.gov>
**Cc:** Jeffrey_Pakula@ilnd.uscourts.gov
**Subject:** Re: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Hello,

See signature line ... Judge Cole is in the Northern District of Illinois.... not New York.

Also,

Paragraph 9 ... says that the offense was committed in the US.....

Please advise
Thanks
js


From:    "Pruitt, Eric (USAILN)" <Eric.Pruitt@usdoj.gov>
To:      "Proposed_Order_Cole@ilnd.uscourts.gov" <Proposed_Order_Cole@ilnd.uscourts.gov>
Cc:      Carla Espinoza <cespinoza@cialo.us>
Date:    03/02/2018 01:51 PM
Subject: United States v. Rodolfo Deiby Burgos Noller (17 CR 664)

Judge Cole,

On February 23, 2018, the Court entered an order granting the government's request for extradition in this matter. However, the government has been informed that, in order to effectuate the extradition, the Secretary of State requires an Order, Certification and Committal for Extradition in the form of the attached proposed order. The text of the proposed order is consistent with the substance of the Court's February 23, 2018, order, but an order and certification in the format of the attached proposed order is requested. If the Court requires additional information in support of this request, the government will be happy to address any questions or concerns the Court may have.

Eric S. Pruitt
Assistant United States Attorney
☎ 312.353.5496
✉ eric.pruitt@usdoj.gov

[attachment "Certification and Committal for Extradition.docx" deleted by Jan Smith/ILND/07/USCOURTS]